UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGINALD JOHN PAUL CHIEF GOES OUT,

    Petitioner,

v.

JASON BENNETT,

    Respondent.

Case No. C23-5171-JLR-SKV

REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Reginald John Paul Chief Goes Out is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2011 Pierce County Superior Court judgment and sentence. *See* Dkt. 7. Respondent has filed an answer to the petition together with relevant portions of the state court record. Dkts. 13, 14. Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). *See* Dkt. 13. Petitioner has filed a response to Respondent's answer. Dkt. 15. This Court, having reviewed the briefing of the parties, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

On April 22, 2011, Petitioner was found guilty, following a jury trial, on one count of unlawful imprisonment, two counts of robbery in the first degree, two counts of assault in the second degree, and one misdemeanor count of unlawful display of a weapon. Dkt. 14, Ex. 1 at 1-2, 13. The jury also found that a firearm had been used in the commission of each of the felony offenses. *See id.*, Ex. 1 at 1-2. On June 17, 2011, Petitioner was sentenced to a term of 300 months confinement. *Id.*, Ex. 1 at 5. The sentence included firearm enhancements on each of the five felony counts, all of which were ordered to run consecutively and totaled 210 months. *See id.*, Ex. 1 at 5-6.

Petitioner appealed his judgment and sentence to the Washington Court of Appeals, Division II. *See* Dkt. 14, Exs. 3, 4, 5, 6, 7. On April 30, 2013, the Court of Appeals issued an unpublished opinion affirming Petitioner's convictions and sentence. *Id.*, Ex. 3. Petitioner thereafter filed a petition for review by the Washington Supreme Court, and the Supreme Court denied review without comment on October 2, 2013. *Id.*, Exs. 8-9. On October 22, 2013, the Clerk of the Court of Appeals issued a mandate terminating direct review. *Id.*, Ex. 10.

On October 20, 2014, Petitioner timely filed a personal restraint petition in the Washington Court of Appeals, Division II.[1] *See* Dkt. 14, Exs. 11, 12, 13. The Court of Appeals issued an order dismissing the petition on July 8, 2015. *Id.*, Ex. 13. Petitioner did not seek further review by the Washington Supreme Court, and the Clerk of the Court of Appeals issued a certificate of finality on September 18, 2015. *Id.*, Ex. 14.

---

[1] Petitioner's personal restraint petition was received by the Court of Appeals for filing on October 22, 2014. *See* Dkt. 14, Ex. 11 at 1. However, the Court of Appeals, in rejecting an argument by the State that the petition was untimely, noted that the petition was placed in the prison mail system on October 20, 2014, which was within one year of the date the Court issued its mandate disposing of Petitioner's direct appeal. *See id.*, Ex. 13 at 1 n.2 (citing RCW 10.73.090(3)(b)). As it appears the Court of Appeals deemed the personal restraint petition filed as of October 20, 2014, this Court will use the same date for purposes of its analysis.

REPORT AND RECOMMENDATION
PAGE - 2

On August 27, 2019, Petitioner filed a motion for post-conviction relief in the Pierce County Superior Court. Dkt. 14, Ex. 15. The Superior Court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition because it appeared to be time-barred under RCW 10.73.090. *Id.*, Ex. 16. The Court of Appeals issued an Order dismissing the petition as untimely on January 24, 2020. *Id.*, Ex. 17. Petitioner did not seek further review by the Washington Supreme Court, and the Clerk of the Court of Appeals issued a certificate of finality in that proceeding on March 6, 2020. *Id.*, Ex. 18.

On June 23, 2021, Petitioner filed a second motion for post-conviction relief in the Pierce County Superior Court. Dkt. 14, Ex. 19. Once again, the Superior Court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition because it appeared to be time-barred under RCW 10.73.090. *Id.*, Ex. 20. The Court of Appeals issued an Order dismissing the petition as untimely on June 10, 2022. *Id.*, Ex. 21. Petitioner did not seek further review by the Washington Supreme Court, and the Clerk of the Court of Appeals issued a certificate of finality in that proceeding on July 19, 2022. *Id.*, Ex. 22.

On August 15, 2022, Petitioner filed a third motion for post-conviction relief in the Pierce County Superior Court. Dkt. 14, Ex. 23. The Superior Court again transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition because it appeared to be time-barred under RCW 10.73.090. *Id.*, Ex. 24. The Court of Appeals issued an Order dismissing the petition as untimely on November 22, 2022. *Id.*, Ex. 25. Petitioner sought further review by the Washington Supreme Court on that occasion. *Id.*, Ex. 26. The Supreme Court agreed that the petition was untimely and issued a ruling denying review on January 3, 2023. *Id.*, Ex. 27. The Clerk of the Court of Appeals issued a certificate of finality in that proceeding on March 15, 2023. *Id.*, Ex. 28.

Petitioner submitted his federal habeas petition to this Court for filing on March 2, 2023. *See* Dkt. 1. This matter is now ripe for review.

### III.   DISCUSSION

#### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court denied Petitioner's petition for review on direct appeal on October 2, 2013. Dkt. 14, Ex. 9. Petitioner had 90 days following the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately December 31, 2013, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because Petitioner apparently did not file a petition for writ of certiorari, his conviction became final on or about December 31, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely personal restraint petition in the Washington Court of Appeals on October 20, 2014 (*See* Dkt. 14, Ex. 11), which stopped the clock on the federal statute of limitations. The Washington Court of Appeals issued

a certificate of finality in Petitioner's personal restraint proceedings on September 18, 2015 (*see id.*, Ex. 14), thus concluding review in the state courts. At that time, 292 days had run on the statute of limitations. The statute of limitations began to run again the following day, September 19, 2015, and expired 73 days later on December 1, 2015. As noted above, Petitioner's federal habeas petition was not submitted to this Court for filing until April 7, 2023 (*see* Dkt. 1), over seven years after the statute of limitations expired.

While Petitioner did file three additional requests for post-conviction relief in the state courts, those petitions were all dismissed because they were deemed untimely under state law. *See* Dkt. 14, Exs. 17, 21, 25, 27. A petition denied by the state court as untimely under state law is not "properly filed" for purposes of § 2244(d)(2), and therefore does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Petitioner argues in his response to Respondent's answer that because the Washington Supreme Court addressed the merits of his federal habeas claim in its order disposing of his final request for post-conviction relief, his claim is not procedurally barred and should therefore be reviewed on the merits. Dkt. 15. Petitioner's reliance on principles of procedural bar is misplaced. However, even assuming that were not the case, the state petition at issue was not filed until August 15, 2022, over six and a half years after the federal limitations period expired. Dkt. 14, Ex. 23. Once the statute of limitations period has run, a state collateral action filed thereafter does not serve to revive the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). For these reasons, Petitioner's three requests for post-conviction relief filed after the statute of limitations expired did not act to toll the limitations period, nor did his final request for such relief render his federal habeas claim eligible for review.

REPORT AND RECOMMENDATION
PAGE - 5

The statute of limitations governing federal habeas petitions is also subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). Here, however, Petitioner makes clear that he is not arguing that the limitations period should be equitably tolled. *See* Dkt. 15 at 1. Because the record demonstrates that Petitioner filed his federal habeas petition outside the § 2254 statute of limitations period, and because Petitioner makes no argument that he is entitled to equitable tolling of the limitations period, his petition is time-barred and must therefore be dismissed.

**B.    Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

**IV.    CONCLUSION**

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, as untimely under § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 11, 2023**.

DATED this 18th day of July, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge