UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGINALD JOHN PAUL CHIEF GOES OUT,<br><br>                    Petitioner,<br><br>        v.<br><br>JASON BENNETT,<br><br>                    Respondent. | CASE NO. C23-5171JLR<br><br>ORDER |

## I.     INTRODUCTION

Before the court are (1) *pro se* Petitioner Reginald John Paul Chief Goes Out's 28 U.S.C. § 2254 habeas corpus petition (Petition (Dkt. # 7)); (2) United States Magistrate Judge S. Kate Vaughan's report and recommendation, in which she recommends that the court dismiss Mr. Chief Goes Out's petition as untimely (R&R (Dkt. # 16)); and (3) Mr. Chief Goes Out's objections to the report and recommendation (Obj. (Dkt. # 17)). Although Respondent Jason Bennett answered Mr. Chief Goes Out's § 2254 petition (*see*

ORDER - 1

Ans. (Dkt. # 13)), he did not respond to Mr. Chief Goes Out's objections (*see* Dkt.). Having carefully reviewed all of the foregoing documents, along with all other relevant portions of the record and the governing law, the court ADOPTS the report and recommendation, DENIES Mr. Chief Goes Out's objections, DISMISSES Mr. Chief Goes Out's § 2254 habeas corpus petition with prejudice, and DENIES a certificate of appealability.

## II.  BACKGROUND

Mr. Chief Goes Out, a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, filed this § 2254 petition to challenge his 2011 Pierce County Superior Court judgment and sentence. (*See* Petition.) After he was convicted and sentenced, Mr. Chief Goes Out filed three motions for post-conviction relief in Pierce County Superior Court. (*See* R&R at 2-3.[1]) Mr. Chief Goes Out's petition relates to the third motion, which he filed on August 15, 2022. (*See id.* at 3.) The Superior Court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition because it appeared to be time-barred under RCW 10.73.090. (*Id.*) The Court of Appeals issued an order dismissing the petition as untimely on November 22, 2022. (*Id.*) Mr. Chief Goes Out then sought further review by the Washington Supreme Court. (*Id.*) The Supreme Court agreed that the petition was untimely and issued a ruling denying review on January 30, 2023. (*Id.*; *see* State Court Record (Dkt. # 14), Ex. 27.) The Clerk of the Court of Appeals issued a

---

[1] The court ADOPTS Magistrate Judge Vaughan's discussion of the factual and procedural background of this action. (R&R at 2-4.)

certificate of finality on March 15, 2023.  (*See* R&R at 3.)  Mr. Chief Goes Out filed this § 2254 habeas corpus petition on March 2, 2023.  (Petition.)

Mr. Chief Goes Out argued in his petition and in his response to Mr. Bennett's answer that his § 2254 petition is not procedurally barred because the Washington Supreme Court addressed the merits of his federal habeas claim in its order disposing of his final request for post-conviction relief.  (Petition at 13-14;[2] Reply (Dkt. # 15) at 1-3.)  Magistrate Judge Vaughan, however, concluded that Mr. Chief Goes Out's petition was untimely under 28 U.S.C. § 2244(d)(1), which establishes a one-year limitation period for state prisoners to file applications for federal habeas relief that runs from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later.  (R&R at 4-5 (concluding that the statute of limitations for Mr. Chief Goes Out's habeas claim expired on December 1, 2015).)  Although she found that Mr. Chief Goes Out's "reliance on principles of procedural bar [was] misplaced," she concluded that Mr. Chief Goes Out's federal habeas claim would not be eligible for review even if such principles applied.  (*Id.* at 5.)  Magistrate Judge Vaughan further recommended that the court deny Mr. Chief Goes Out a certificate of appealability.  (*Id.* at 6.)

Mr. Chief Goes Out timely filed his objections to the report and recommendation.  (Obj.)  He asserts that Magistrate Judge Vaughan erred when she recommended that his § 2254 petition be dismissed as untimely.  (*Id.* at 2-3.)  He again argues, as he did in his

---

[2] The court refers to the page numbers in the CM/ECF header when citing Mr. Chief Goes Out's petition.

ORDER - 3

petition and in his response to Mr. Bennett's answer, that his claim is timely because the Washington State Supreme Court addressed his claim on the merits. (*Id.*; *see* Petition at 13-14; Reply at 1-3.) He does not address Magistrate Judge Vaughan's recommendation that the court deny a certificate of appealability. (*See* Obj.)

### III.   ANALYSIS

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Chief Goes Out is proceeding *pro se*, the court must interpret his § 2254 petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

The court has thoroughly examined the report and recommendation, Mr. Chief Goes Out's objections thereto, and the balance of the record before it. Mr. Chief Goes Out's objections simply rehash the arguments he made in his petition and reply; none raise any novel issues that were not addressed by Magistrate Judge Vaughan in her report and recommendation. (*Compare* Obj., *with* Petition at 13-14, *and* Reply. at 1-3; *see also* R&R at 5 (rejecting Mr. Chief Goes Out's argument that his claim is not procedurally barred because the Washington Supreme Court addressed the merits of his federal habeas claim in its ruling denying review).) On de novo review, the court finds Magistrate Judge

1  Vaughan's reasoning for recommending the dismissal of Mr. Chief Goes Out's petition
2  and the denial of a certificate of appealability persuasive.  Therefore, the court
3  independently DENIES Mr. Chief Goes Out's objections for the same reasons Magistrate
4  Judge Vaughan set forth in her report and recommendation and ADOPTS the report and
5  recommendation in full.

### IV.   CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) The report and recommendation (Dkt. # 16) is ADOPTED in full;

(2) Mr. Chief Goes Out's petition for a writ of habeas corpus (Dkt. # 7) and this action are DISMISSED with prejudice as untimely under 28 U.S.C. § 2244(d);

(3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED; and

(4) The Clerk is directed to send copies of this order to Mr. Chief Goes Out, to counsel for Mr. Bennett, and to the Honorable S. Kate Vaughan.

Dated this 21st day of August, 2023.

JAMES L. ROBART
United States District Judge